UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC CHESTER JOHNSON, <br> Plaintiff, <br> v. <br> CTF SOLEDAD STATE PRISON, et al., <br> Defendants. | Case No. 16-cv-05548-MEJ (PR) <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

### INTRODUCTION

Plaintiff, a prisoner of the State of California currently incarcerated at the Correctional Training Facility at Soledad (CTF), filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of inadequate medical care at that facility. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the complaint is dismissed with leave to amend.

### DISCUSSION

**A.   Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff claims that he asked for a "vision impaired test" because he is blind in his left eye. He was not given a test. Less than a week later, he tripped and fell down some steps, causing him to suffer a concussion and resulting brain injury. He continues to suffer from headaches, swelling, and difficulty concentrating. Plaintiff alleges that he has exhausted his administrative remedies with respect to his claim. He names seven defendants, and seeks compensatory and punitive damages.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state an Eighth Amendment violation, two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id.* at 834. Neither negligence nor gross negligence will constitute deliberate indifference. *See id.* at 835-36 & n.4. A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate

health or safety by failing to take reasonable steps to abate it. *See id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

Here, even liberally construed, plaintiff has not stated a claim that defendants were deliberately indifferent to his serious medical needs. From the allegations, no reasonable inference can be made that defendants were criminally reckless, or that they knew that without giving plaintiff a vision test, they would be subjecting plaintiff to an excessive risk to his health. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004).

The Court notes that plaintiff names "ADA Coordinator K. Hoffman" as one of the defendants. To allege a claim for a violation of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 *et seq.* ("ADA"), a plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). The public entity, rather than any individual officer, would be the proper defendant for an ADA claim.

Finally, plaintiff must be careful to link one or more defendants to each of his claims. Although plaintiff names seven defendants, he proffers no facts to demonstrate what any defendant did or did not do. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). If plaintiff wants to name a supervisor as

1    a defendant, he must allege (1) personal involvement in the constitutional deprivation or (2) a

2    sufficient causal connection between the supervisor's wrongful conduct and the constitutional

3    violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). Those persons in charge of

4    the prison, such as the warden, have no § 1983 liability based merely on the fact that they employ

5    the alleged wrongdoer.

6    As the complaint currently reads, plaintiff has not stated a cognizable claim against any

7    defendant. However, if plaintiff believes that he can cure the deficiencies addressed above, he

8    may amend his complaint to do so.

## CONCLUSION

10   For the foregoing reasons, the Court hereby orders as follows:

11   1.   Plaintiff's complaint is DISMISSED with leave to amend.

12   2.   If plaintiff can cure the pleading deficiencies described above, he shall file an

13   amended complaint within **thirty days** from the date this order is filed. The amended complaint

14   must include the caption and civil case number used in this order (C 16-5548 MEJ (PR)) and the

15   words AMENDED COMPLAINT on the first page. The amended complaint must indicate which

16   specific, named defendant(s) was involved in each cause of action, what each defendant did, what

17   effect this had on plaintiff and what right plaintiff alleges was violated. Plaintiff must also provide

18   dates and locations for the alleged incidents. Plaintiff may not incorporate material from the prior

19   complaint by reference. If plaintiff files an amended complaint, he must allege, in good faith,

20   facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the

21   applicable federal statutes. **Failure to file an amended complaint within thirty days and in**

22   **accordance with this order will result in the dismissal of this case without prejudice.**

23   3.   Plaintiff is advised that an amended complaint supersedes the original complaint.

24   "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in

25   the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

26   Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*,

27   963 F.2d 1258, 1262 (9th Cir. 1992).

28   4.   It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the

1 court informed of any change of address by filing a separate paper with the clerk headed "Notice
2 of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do
3 so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
4 Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 8, 2016

MARIA-ELENA JAMES
United States Magistrate Judge