United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CEDRIC CHESTER JOHNSON,

    Plaintiff,

    v.

CTF SOLEDAD STATE PRISON, et al.,

    Defendants.

Case No. 16-cv-05548-MEJ (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, an inmate at the Correctional Training Facility, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging claims based on prison staff's refusal to give him a "vision impaired test." The Court identified various deficiencies in plaintiff's complaint and dismissed it with leave to amend. Plaintiff then filed an amended complaint, which is now before the Court for review.[1]

## DISCUSSION

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Dkt. 1 at 4. He subsequently filed a form declining such jurisdiction. Dkt. 7 at 4. A party must show "extraordinary circumstances" for withdrawing consent. 28 U.S.C. § 636(c)(4). Plaintiff did not provide any reason for withdrawing his consent, let alone show extraordinary circumstances.

1 which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
2 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
3 Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,
4 699 (9th Cir. 1990).

**B.     Legal Claims**

The Court noted that, in his original complain, plaintiff appeared to be attempting to state an Eighth Amendment claim based on deliberate indifference to his serious medical needs, but the claim was deficient.  The amended complaint fails to correct the deficiencies about which the Court previously warned plaintiff.  In his amended complaint, plaintiff provides a summary of his inmate appeals from 2016 and attaches his appeal record as exhibits.  Nothing in the amended complaint or attached exhibits shows that plaintiff received treatment that was "medically unacceptable under the circumstances" and that defendants embarked on a course of treatment "in conscious disregard of an excessive risk to [plaintiff's] health."  *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (citations omitted).  Plaintiff describes actions (such as not ordering a vision test) that might constitute at worst negligence or gross negligence, neither of which constitutes deliberate indifference.  *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994).

The Court also noted that, in his original complaint, plaintiff appeared to be attempting to state a claim for a violation of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), based on plaintiff's status as a visually impaired person.  The Court noted that plaintiff had not named a proper defendant and had not adequately alleged the elements of an ADA claim.  As with his Eighth Amendment claim, plaintiff fails to correct the deficiencies identified with respect to his ADA claim.  The ADA prohibits discrimination because of disability, but not inadequate treatment for disability.  *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2005).  Here, plaintiff claims that defendants unlawfully denied his request for a vision test.  In other words, he claims that defendants are not providing proper care for his alleged disability.  Even assuming his vision issues are a disability, no action plaintiff attributes to defendants indicates discrimination based on a disability.  Finally, plaintiff again fails to name a public entity defendant in connection with this claim.

**CONCLUSION**

For the foregoing reasons, this case is DISMISSED without prejudice to plaintiff pursuing in state court any claims he may have under state law. The Clerk shall enter judgment in favor of all defendants as to all claims, and close the file.

**IT IS SO ORDERED.**

Dated: March 29, 2017

MARIA-ELENA JAMES
United States Magistrate Judge