UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC CHESTER JOHNSON,<br>　　　　　Plaintiff,<br>　　v.<br>CTF SOLEDAD STATE PRISON, et al.,<br>　　　　　Defendants. | Case No. 16-cv-05548-MEJ (PR)<br><br>**ORDER OF DISMISSAL WITH FURTHER LEAVE TO AMEND** |

Plaintiff, a prisoner of the State of California currently incarcerated at the Correctional Training Facility at Soledad (CTF), filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of inadequate medical care at that facility. In its December 5, 2016 initial review order, the Court understood plaintiff to be alleging an Eighth Amendment deliberate indifference claim based on allegations that he fell and injured himself after defendants refused his request for a "vision impaired test." After determining that the allegations failed to show that defendants were aware that they would be subjecting plaintiff to an excessive risk to his health, the Court dismissed the complaint with leave to amend. Plaintiff then filed an amended complaint. On March 29, 2017, the Court dismissed the amended complaint for failure to correct the deficiencies identified in the original complaint.

On April 19, 2017, plaintiff filed a motion for reconsideration clarifying that his complaints alleged that defendants refused to give him a "vision impaired vest," not a "vision impaired test." On May 9, 2017, the Court granted the motion for reconsideration and reopened the action. The amended complaint is again before the Court for review.

**DISCUSSION**

**A.     Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). A defendant violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511

U.S. 825, 834 (1994). In the medical care context, the prisoner first must identify an objectively serious medical need. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (serious medical need exists if "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.") Second, the prisoner must allege that the defendant acted with the requisite mental state of deliberate indifference to a risk to the prisoner's health. Under the Eighth Amendment standard applicable to prisoner claims, a defendant is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* A claim of medical malpractice or mere negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi,* 391 F.3d at 1060-61.

Here, plaintiff has adequately alleged a serious medical need, i.e., vision impairment. However, nothing in the amended complaint or attached exhibits shows that plaintiff received treatment that was "medically unacceptable under the circumstances" and that defendants embarked on a course of treatment "in conscious disregard of an excessive risk to [plaintiff's] health." *See Toguchi*, 391 F.3d at 1058. The Court cannot discern what facts plaintiff is basing his claims on. Plaintiff's allegations fail to state clearly what happened, when it happened, what each defendant did, and how those actions or inactions rise to the level of a federal constitutional violation. In his amended complaint, plaintiff provides a summary of his inmate appeals from 2016 and attaches his appeal record as exhibits. The Court will not read through exhibits to piece together a claim for a plaintiff who has not pled one. The lack of detail prevents the Court from determining which claims deserve a response and from whom, and also prevents individual defendants from framing a response to the complaint.

Because it appears that plaintiff may be able to correct these deficiencies, the Court will grant plaintiff another opportunity to plead his claim(s), if he can do so in good faith, by filing a second amended complaint (SAC). In his SAC, plaintiff must specifically identify what each named defendant did or did not do in order to state a claim with regard to each separate claim.

Sweeping conclusory allegations will not suffice. Plaintiff should not refer to the defendants as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim(s) by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's amended complaint is DISMISSED with further leave to amend.

2. If plaintiff can cure the pleading deficiencies described above, he shall file an SAC within **thirty days** from the date this order is filed. The SAC must include the caption and civil case number used in this order (C 16-5548 MEJ (PR)) and the words SECOND AMENDED COMPLAINT on the first page. The SAC must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated. Plaintiff must also provide dates and locations for the alleged incidents. Plaintiff may not incorporate material from the prior complaints by reference. If plaintiff files an SAC, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an SAC within thirty days and in accordance with this order will result in the dismissal of this case without prejudice.**

3. Plaintiff is advised that an amended complaint supersedes the prior complaints. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the

court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall include a copy of the court's form complaint with a copy of this order to plaintiff.

**IT IS SO ORDERED.**

Dated: June 22, 2017

MARIA-ELENA JAMES
United States Magistrate Judge