UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC CHESTER JOHNSON, | Case No. 16-cv-05548-MEJ (PR) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| CTF SOLEDAD STATE PRISON, et al., | |
| Defendants. | |

Plaintiff, a prisoner of the State of California currently incarcerated at the Correctional Training Facility at Soledad (CTF), filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of inadequate medical care at that facility. In its December 5, 2016 initial review order, the Court understood plaintiff to be alleging an Eighth Amendment deliberate indifference claim based on allegations that he fell and injured himself after defendants refused his request for a "vision impaired test." After determining that the allegations failed to show that defendants were aware that they would be subjecting plaintiff to an excessive risk to his health, the Court dismissed the complaint with leave to amend. Plaintiff then filed an amended complaint. On March 29, 2017, the Court dismissed the amended complaint for failure to correct the deficiencies identified in the original complaint.

On April 19, 2017, plaintiff filed a motion for reconsideration clarifying that his complaints alleged that defendants refused to give him a "vision impaired vest," not a "vision impaired test." On May 9, 2017, the Court granted the motion for reconsideration and reopened the action. On June 22, 2017 the Court re-reviewed the amended complaint and dismissed it with further leave to amend to show how each defendant involved treated him in a way that was medically unacceptable under the circumstances and was undertaken in conscious disregard of an

excessive risk of plaintiff's health. Plaintiff has filed a second amended complaint (SAC), which is now before the Court for review.[1]

## DISCUSSION

### A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Dkt. 1 at 4. With his SAC, plaintiff filed a form declining such jurisdiction. Dkt. 13 at 4. A party must show "extraordinary circumstances" for withdrawing consent. 28 U.S.C. § 636(c)(4). Plaintiff did not provide any reason for withdrawing his consent, let alone show extraordinary circumstances.

**B.     Legal Claims**

The SAC fails to cure the deficiencies identified in the Court's orders of dismissal with leave to amend.  The SAC is substantially similar to the first amended complaint, and plaintiff has failed to provide additional information.  Most significantly, plaintiff fails to state clearly what happened, when it happened, what each defendant did, and how those actions or inactions rise to the level of a federal constitutional violation.  As a result, he fails to allege that any defendant acted with the requisite mental state of deliberate indifference to a risk to plaintiff's health, as required to state an Eighth Amendment claim.  *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).  As with the first amended complaint, plaintiff's SAC provides a summary of his inmate appeals from 2016 and attaches his appeal record as exhibits.  Plaintiff was previously cautioned that the Court will not read through exhibits to piece together a claim for a plaintiff who has not pled one.  Even in reviewing the attachments provided, however, the Court cannot make out a cognizable Eighth Amendment claim.

Accordingly, this case is DISMISSED because the SAC fails to state a cognizable claim for relief.  Further leave to amend will not be granted because the Court already has explained to plaintiff the specific deficiencies in his pleading, and he has been unable or unwilling to correct them.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 28, 2017

MARIA-ELENA JAMES
United States Magistrate Judge