1

2

3

4

5

6

7

United States District Court
Northern District of California

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10

11   CEDRIC CHESTER JOHNSON,                   Case No. 16-05548 EJD (PR)

          Plaintiff,
12                                             **ORDER REMOVING PLAINTIFF'S**
          v.                                   **COUNSEL OF RECORD;**
13                                             **ACCEPTING PROPOSED**
                                               **FINDINGS OF FACT AND**
14   CTF SOLEDAD STATE PRISON, et al.,         **RECOMMENDATIONS OF**
                                               **MAGISTRATE JUDGE; OF**
15        Defendants.                          **DISMISSAL**

16

17

18          Plaintiff, a California inmate at the Correctional Training Facility at Soledad

19   ("CTF"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983,

20   complaining of inadequate medical care.  Dkt. No. 1.  For the reasons discussed below, the

21   Court accepts the magistrate judge's proposed findings of fact and recommendations and

22   dismisses this matter with prejudice.

23

24                                    **DISCUSSION**

25   **A.    Procedural History**

26          The action was originally assigned to Magistrate Judge Maria-Elena James as

27   Plaintiff consented to proceed before a magistrate judge at the outset of this action.  Dkt.

28   No. 1 at 4.  On September 28, 2017, Judge James dismissed the entire action for failure to

United States District Court
Northern District of California

state any cognizable claim for relief after Plaintiff had been afforded two opportunities to file amended complaints to correct deficiencies.  Dkt. No. 14.  The matter was later reopened on remand from the Ninth Circuit, Dkt. No. 21, and reassigned to this Court.  Dkt. No. 24.

This action was reassigned to the Undersigned because a new Ninth Circuit case determined that all named parties, including unserved defendants, must consent before a magistrate judge has jurisdiction under 28 U.S.C. § 636(c)(1) to hear and decide a case.  See Williams v. King, 875 F.3d 500, 503 (9th Cir. 2017) ("Williams") (magistrate judge lacked jurisdiction to dismiss case on initial review because unserved defendants had not consented to proceed before magistrate judge).  Under the Williams rule, magistrate judges are unable to take dispositive action on a consent basis if they do not have the consent of unserved defendants.  Magistrate judges can, however, submit proposed findings of fact and recommendations for the disposition of many pretrial matters.  See 28 U.S.C. § 636(c)(1)(A),(B).  In a case in which full consent has not been obtained, and when a magistrate judge submits proposed findings of fact and recommendations for the disposition of a pretrial matter, the parties may serve and file written objections to the proposed findings of fact and recommendations.  Id. at § 636(b)(1); see also Fed. R. Civ. P. 72.  Usually such objections are due within fourteen days of the magistrate judge's proposed findings of fact and recommendations.  See Fed. R. Civ. P. 72(2),(b).

Here, Magistrate Judge James screened the original complaint, and found it failed to state any cognizable claim against any defendant, and granted Plaintiff leave to file an amended complaint.  Dkt. No. 3.  Judge James screened Plaintiff's amended complaint, found it again failed to state any cognizable claim, and dismissed the action.  Dkt. No. 8.  Judge James granted Plaintiff's motion for reconsideration and reopened the action.  Dkt. No. 11.  After rescreening the amended complaint, Judge James found it again failed to allege sufficient facts to support an Eighth Amendment claim for deliberate indifference to serious medical needs, and granted Plaintiff leave to file a second amended complaint

2

1  ("SAC") to correct the deficiencies. Dkt. No. 12. After screening the SAC, Judge James

2  then dismissed the action, finding the SAC also failed to cure the deficiencies described in

3  the previous orders of dismissals. Dkt. No. 14. All these orders were issued before

4  Williams was decided, and before any defendant had been served with the action and filed

5  consent to magistrate judge jurisdiction.

6         Under the circumstances, the preferable approach was to treat Judge James' rulings

7  as proposed findings of fact and recommendations, and to give Plaintiff an opportunity to

8  file any objections to those proposed findings of fact and recommendations. Accordingly,

9  the Court granted Plaintiff an opportunity to file written objections to any of Judge James'

10  rulings, Dkt. Nos. 3, 4, 6, 8, 11, 12, 14, 19, within twenty-eight days of the order filed on

11  June 10, 2019. Dkt. No. 28. Plaintiff was advised that once the Court receives any

12  objections and responses thereto, the Court will "determine de novo any part of the

13  magistrate judge's disposition that has been properly objected to." Id. at 3, citing Fed. R.

14  Civ. P. 72(b)(3).

15         Thereafter, Plaintiff sought and was granted multiple extensions of time since the

16  Court's June 10, 2019 order. See Dkt. Nos. 30, 32, 34. When Plaintiff notified the Court

17  that he had obtained counsel, the Court directed counsel to appear and file objections on

18  behalf of his client or file notice of non-representation. Dkt. Nos. 36, 37. On September

19  10, 2021, Mr. John F. Klopfenstein filed notice that although Plaintiff had inquired about

20  hiring an attorney, they never reached a formal agreement. Dkt. No. 38 at 2. Mr.

21  Klopfenstein states that he never once indicated to Plaintiff that he would represent him.

22  Id. Plaintiff was also served with this notice but did not file anything to contradict Mr.

23  Klopfenstein's statement. Id. at 4. Accordingly, it appears that Mr. Klopfenstein was

24  docketed as Plaintiff's counsel of record in error. Mr. Klopfenstein shall be removed as

25  Plaintiff's counsel, and Plaintiff shall proceed pro se.

26         Given that Plaintiff has been given ample opportunity and generous extensions of

27  time to file objections since the court's June 10, 2019 order, the Court will deem this

28

United States District Court
Northern District of California

1   matter submitted and will proceed below to review Judge James' proposed findings of fact

2   and recommendations.

3   **B.      Findings and Recommendations**

4          The district court must "make a de novo determination of those portions of the

5   report to which objections is made," and "may accept, reject, or modify, in whole or in

6   part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §

7   636(b)(1); see also Civ. L.R. 72-3(a) (requiring that any objections be accompanied by a

8   motion for de novo determination).  The deadline to file an objection to any of Judge

9   James' proposed findings of fact and recommendations has long since expired, see Dkt.

10  No. 34, and no objections have been filed in this case.  In the absence of a timely filed

11  objection, the Court "need only satisfy itself that there is no clear error on the face of the

12  record in order to accept the recommendation."  Fed. R. Civ. P. 72, advisory committee

13  notes (1983) (citing Campbell v. U.S. Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974)); see

14  also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("the

15  statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the

16  magistrate judge's findings and recommendations de novo *if [an] objection is made,* but

17  not otherwise.").

18         The Court has reviewed the record on its face and finds no clear error with respect

19  to Judge James' findings of fact and recommendations as to Plaintiff's motion for leave to

20  proceed in forma pauperis, motion for appointment of counsel, motion for reconsideration,

21  and revoking Plaintiff's in forma pauperis status on appeal.  Dkt. Nos. 4, 6, 11, and 19.

22  Accordingly, IT IS HEREBY ORDERED THAT Magistrate Judge James' proposed

23  findings and recommendations under Docket Nos. 4, 6, 11 and 19 are ACCEPTED and

24  shall become the Order of this Court.

25         The Court now turns to Judge James' findings and recommendations dismissing

26  Plaintiff's original complaint, Dkt. No. 1, his amended complaint (which was reviewed a

27  second time after reconsideration was granted), Dkt. No. 7, and second amended

28

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1  complaint, Dkt. No. 13.  Dkt. Nos. 3, 8, 12, 14.

2        Judge James' first Order of Dismissal with Leave to Amend found the original

3  complaint was deficient with respect to an Eighth Amendment claim, a possible ADA

4  claim, and for failure to link any defendant to his claims:

5
        Here, even liberally construed, plaintiff has not stated a claim that
6      defendants were deliberately indifferent to his serious medical needs.  From
      the allegations, no reasonable inference can be made that defendants were
7      criminally reckless, or that they knew that without giving plaintiff a vision
      test, they would be subjecting plaintiff to an excessive risk to his health….
8

9        The Court notes that plaintiff names "ADA Coordinator K.
      Hoffman" as one of the defendants.  To allege a claim for violation of Title
10     II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*
      ("ADA"), a plaintiff must allege four elements: (1) the plaintiff is an
11     individual with a disability; (2) the plaintiff is otherwise qualified to
      participate in or receive the benefit of some public entity's services,
12     programs, or activities; (3) the plaintiff was either excluded from
      participation in or denied the benefits of the public entity's services,
13     programs or activities, or was otherwise discriminated against by the public
      entity; and (4) such exclusion, denial of benefits, or discrimination was by
14     reason of the plaintiff's disability.  *Thompson v. Davis*, 295 F.3d 890, 895
      (9th Cir. 2002).  The public entity, rather than any individual officer, would
15     be the proper defendant for an ADA claim.

16
        Finally, plaintiff must be careful to link one or more defendants to
17     each of his claims.  Although plaintiff names seven defendants, he proffers
      no facts to demonstrate what any defendant did or did not do. He should not
18     refer to them as a group (e.g., "the defendants"); rather, he should identify
      each involved defendant by name and link each of them to his claim by
19     explaining what each involved defendant did or failed to do that caused a
      violation of his rights….
20

21        As the complaint currently reads, plaintiff has not stated a
      cognizable claim against any defendant.  However, if plaintiff believes that
22     he can cure the deficiencies addressed above, he may amend his complaint
      to do so.
23

24  Dkt. No. 3 at 3, 4.

25        After Plaintiff filed an amended complaint, Judge James found it again failed to

26

27

28                                          5

correct the deficiencies from the original complaint:

> The Court noted that, in his original complain[t], plaintiff appeared to be attempting to state an Eighth Amendment claim based on deliberate indifference to his serious medical needs, but the claim was deficient.  The amended complaint fails to correct the deficiencies about which the Court previously warned plaintiff.  In his amended complaint, plaintiff provides a summary of his inmate appeals from 2016 and attaches his appeal record as exhibits.  Nothing in the amended complaint or attached exhibits shows that plaintiff received treatment that was "medically unacceptable under the circumstances" and that defendants embarked on a course of treatment "in conscious disregard of an excessive risk to [plaintiff's] health."  *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir, 2004) (citations omitted).  Plaintiff describes actions (such as not ordering a vision test) that might constitute at worst negligence or gross negligence, neither of which constitutes deliberate indifference.  *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994).
>
> The Court also noted that, in his original complaint, plaintiff appeared to be attempting to state a claim for a violation of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), based on plaintiff's status as a visually impaired person.  The Court noted that plaintiff had not named a proper defendant and had not adequately alleged the elements of an ADA claim.  As with his Eighth Amendment claim, plaintiff fails to correct the deficiencies identified with respect to his ADA claim.  The ADA prohibits discrimination because of disability, but not inadequate treatment for disability.  *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2005).  Here, plaintiff claims that defendant unlawfully denied his request for a vision test.  In other words, he claims that defendants are not providing proper care for his alleged disability.  Even assuming his vision issues are a disability, no action plaintiff attributes to defendants indicates discrimination based on a disability.  Finally, plaintiff again fails to name a public entity defendant in connection with this claim.

Dkt. No. 8 at 2.  Judge James found the case should be dismissed without prejudice to Plaintiff pursuing in state court any claims he may have under state law.  Id. at 3.

Plaintiff filed a motion for reconsideration clarifying his pleading, which Judge James granted.  Dkt. No. 12.  Judge James conducted a second initial review of the amended complaint based on Plaintiff's corrections but found the pleadings were still

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

deficient:

> Here, plaintiff has adequately alleged a serious medical need, i.e.,
> vision impairment.  However, nothing in the amended complaint or
> attached exhibits shows that plaintiff received treatment that was
> "medically unacceptable under the circumstances" and that defendants
> embarked on a course of treatment "in conscious disregard of an excessive
> risk to [plaintiff's] health."  *See Toguchi*, 391 F.3d at 1058.  The Court
> cannot discern what facts plaintiff is basing his claims on.  Plaintiff's
> allegations fail to state clearly what happened, when it happened, what each
> defendant did, and how those actions or inactions rise to the level of a
> federal constitutional violation.  In his amended complaint, plaintiff
> provides a summary of his inmate appeals from 2016 and attaches his
> appeal record as exhibits.  The Court will not read through exhibits to piece
> together a claim for a plaintiff who has not pled one.  The lack of detail
> prevents the Court from determining which claims deserve a response and
> from whom, and also prevents individual defendants from framing a
> response to the complaint.
>
> Because it appears that plaintiff may be able to correct these
> deficiencies, the Court will grant plaintiff another opportunity to plead his
> claim(s), if he can do so in good faith, by filing a second amended
> complaint (SAC).  In his SAC, plaintiff must specifically identify what
> each named defendant did or did not do in order to state a claim with regard
> to each separate claim….

Dkt. No. 12 at 3-4.

After Plaintiff filed a SAC, Judge James dismissed the matter for failure to state a

cognizable claim for relief:

> The SAC fails to cure the deficiencies identified in the Court's
> orders of dismissal with leave to amend.  The SAC is substantially similar
> to the first amended complaint, and plaintiff has failed to provide additional
> information.  Most significantly, plaintiff fails to state clearly what
> happened, when it happened, what each defendant did, and how those
> actions or inactions rise to the level of a federal constitutional violation.  As
> a result, he fails to allege that nay defendant acted with the requisite mental
> state of deliberate indifference to a risk to plaintiff's health, as required to
> state an Eighth Amendment claim.  *See Farmer v. Brennan*, 511 U.S. 825,
> 834, 837 (1994).  As with the first amended complaint, plaintiff's SAC
> provides a summary of his inmate appeals from 2016 and attaches his
> appeal record as exhibits.  Plaintiff was previously cautioned that the Court
> will not read through exhibits to piece together a claim for a plaintiff who

has not pled one.  Even in reviewing the attachments provided, the Court cannot make out a cognizable Eighth Amendment claim.

Accordingly, this case is DISMISSED because the SAC fails to state a cognizable claim for relief.  Further leave to amend will not be granted because the Court already has explained to plaintiff the specific deficiencies in his pleading, and he has been unable or unwilling to correct them.

Dkt. No. 14 at 3.  Judge James found the matter should be dismissed with prejudice and entered judgment accordingly.  Dkt. No. 15.

The Court has reviewed the record on its face and finds no clear error with respect to Judge James' findings and recommendations with respect to any of her orders discussed above.  Although he has not sought it, the Court finds no good cause for giving Plaintiff further opportunity to file another amended complaint to correct the deficiencies from his previous pleadings.  See Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  Accordingly, IT IS HEREBY ORDERED THAT Magistrate Judge James' proposed findings and recommendations, Dkt. Nos. 3, 8, 12, 14, are ACCEPTED and shall become the Orders of this Court.  28 U.S.C. § 636(b)(1)

In sum, as Magistrate Judge James recommended in her various orders, the Court has accepted such recommendations as follows: (1) the original complaint is DISMISSED with leave to amend; (2) the amended complaint is DISMISSED with leave to amend; (3) the SAC is DISMISSED with prejudice for failure to state a cognizable claim for relief.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED for failure to state a cognizable claim for relief.  Further leave to amend will not be granted because Plaintiff has been given ample opportunity to correct the specific deficiencies but has failed to do so.  See Wagh, 363 F.3d at 830.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

The Clerk shall remove Mr. John F. Klopfenstein as counsel for Plaintiff on the docket, and indicate that Plaintiff is proceeding pro se.

The Clerk shall terminate any pending motions and close the file.

**IT IS SO ORDERED.**

**Dated:** _____1/14/2022_____

EDWARD J. DAVILA
United States District Judge

Order Removing Counsel; Accepting F&R; of Dism.
PRO-SE\BLF\CR.16\05548Johnson_acceptR&R.dism

9